**Gregorio P. VALDEZ, Petitioner-Appellant,**

v.

**E. P. PERINI, Superintendent Marion Correctional Institution, Respondent-Appellee.**

**No. 72-2141.**

United States Court of Appeals, Sixth Circuit.

Feb. 21, 1973.

Gregorio P. Valdez, pro se.

William J. Brown, Atty. Gen. of Ohio, Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellee.

Before WEICK, EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM.

▮▮▮▮ Petitioner was convicted of second degree murder in 1958, and was sentenced from ten years to life imprisonment. Subsequently he was released on parole. In July, 1970, his parole was revoked without a hearing (a hearing was not required under Ohio law) and petitioner was returned to the state correctional institution. In October, 1971, petitioner filed in the District Court an application for a writ of habeas corpus, alleging that he had been denied constitutional rights in that his parole was revoked summarily. The District Court held that there was no constitutional right to a hearing prior to a parole revocation, relying on our decision in Rose v. Haskins, 388 F.2d 91 (6th Cir.), cert. denied, 392 U.S. 946, 88 S.Ct. 2300, 20 L.Ed.2d 1408 (1968).

Petitioner then appealed to this Court. Pursuant to Rule 9 of the Rules of this Circuit, we ordered that the judgment below be vacated and that the case be remanded for reconsideration in light of the decision of the Supreme Court in Morrissey v. Brewer, 408 U.S. 471, 92 S. Ct. 2593, 33 L.Ed.2d 484 (1972). *Morrissey* held that the due process clause of the Fourteenth Amendment requires that a reasonably prompt informal inquiry be conducted by an impartial hearing officer prior to the revocation of parole.

Our remand to the District Court would necessarily require that Court to consider and determine whether *Morrissey* was retrospective in application. The District Court quoted a portion of the opinion in *Morrissey* to the effect that it was to apply " . . . to future revocations of parole . . . ." (408 U.S. at 490, 92 S.Ct. 2593).

The District Court then expressed confusion over the fact that while the Supreme Court had instructed that that decision be prospective in application, the decision was retrospective with respect to Morrissey himself since his parole revocation obviously had occurred prior to the date of the decision. Nevertheless, the District Court held that *Morrissey* was not to be applied retroactively.

Petitioner has moved this Court for appointment of counsel to represent him in his appeal. We deny his motion and we dismiss the appeal pursuant to Rule 9 of the Rules of this Circuit.

If it were necessary for this Court to make an independent determination as to the retroactive application of *Morrissey,* which is the sole issue in petitioner's appeal, the assistance of counsel would indeed be warranted.[1] However, as the District Court noted, specific instructions on the prospective effect of *Morrissey* were given in the body of that opinion.

In our opinion, the fact that *Morrissey* was applied retroactively to Morrissey himself, creates no confusion. The reason for such a result was explained in Desist v. United States, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969), wherein Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), was held to be prospective in application. The Court stated:

> "Of course, Katz himself benefited from the new principle announced on that date, and, as our Brother Douglas observes, to that extent the decision has not technically been given wholly prospective application. But, as we

---

1. Such a determination would require consideration of the fact that the rule of *Morrissey* goes to the reliability of the evidence upon which revocation is based, and the fact that the retroactive application of *Morrissey* would place an overwhelming burden on the states. Desist v. United States, 394 U.S. 244, 249, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969). Compare United States v. White, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971), and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967) with Williams v. United States, 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388 (1971) and United States v. United States Coin & Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971).

recently explained in Stovall v. Denno, 388 U.S. 293, 301, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199, the fact that the parties involved in the decision are the only litigants so situated who receive the benefit of the new rule is 'an unavoidable consequence of the necessity that constitutional adjudications not stand as mere dictum.' Whatever inequity may arguably result from applying the new rule to those 'chance beneficiaries' is 'an insignificant cost for adherence to sound principles of decision-making.' Ibid." (394 U.S. at 254, 255, n. 24, 89 S.Ct. at 1036.).

The petitioner's appeal is without merit and it is therefore dismissed. Rule 9, Sixth Circuit.